UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EXEL NORTH AMERICA, INC.,

    Plaintiff,                                  Case No. 14-cv-12646
                                            Hon. Matthew F. Leitman

v.

INTEGRATED DISPENSE
SOLUTIONS LLC, et al.,

    Defendants.

_____/

### ORDER DENYING PLAINTIFF'S MOTION
### TO FIND DEFENDANTS IN CONTEMPT (ECF #37)

This is a trade secret and Lanham Act case. On October 23, 2014, this Court entered an Agreed Preliminary Injunction that, among other things, prohibited Defendants from using Plaintiff's so-called "Diamond Design." (*See* ECF #29.) On or about December 18, 2014, Plaintiff's counsel contacted Defendants' counsel complaining that the website of Defendant Integrated Dispense Solutions LLC ("IDS") was displaying the Diamond Design in violation of the Agreed Preliminary Injunction and demanding that the design be removed. (*See* ECF #37-3.) It is undisputed that IDS removed the Diamond Design from its website by noon on December 19, 2014. (*See* Declaration of David Ritchie, ECF #39-2 at ¶7.) Nonetheless, on that same day, with full knowledge that IDS had already removed the Diamond Design from its website within 24 hours of Plaintiff's demand,

1

Plaintiff filed a motion to hold Defendants in civil contempt. (*See* ECF #37.) Plaintiff seeks as relief: (1) an order from this Court requiring a "principal of IDS to provide a statement under oath affirming[,]" among other things, that "IDS and all of its employees have ceased using the Diamond Design"; (2) payment from IDS "in the amount of $50 per day for each day since October 23, 2014 through the date of removal of the Diamond Design from IDS's website"; and (3) attorneys fees incurred as a result of filing its motion for contempt. (*See* ECF #37 at 2, Pg. ID 354.)

In response to Plaintiff's motion, the Defendants have submitted evidence – a sworn declaration from Defendant David Ritchie, IDS's General Manager – showing that the violation of the Agreed Preliminary Injunction was inadvertent and was promptly corrected. (*See* ECF #37-3.) Plaintiff has not submitted any evidence that suggests a contrary conclusion.

There is no basis to hold Defendants in contempt. The purposes of civil contempt are "to coerce an individual to perform an act or to compensate an injured complainant." *United States v. Bayshore Assoc., Inc.*, 934 F.2d 1391, 1400 (6th Cir. 1991). Here, a contempt order is not necessary to coerce compliance with the Agreed Preliminary Injunction; Defendants are already complying with that order. Indeed, in one of the primary cases cited by Plaintiff in its reply brief, this Court declined to hold a defendant in contempt with respect to certain violations of

a judgment that had already been cured by the time the Court ruled. *See Belfor USA Group, Inc. v. Insurance Reconstruction, LLC*, 755 F.Supp.2d 812, 818 (E.D. Mich. 2010) (declining to issue "affirmative order" of contempt where it was not "necessary to achieve" compliance because defendant had already cured the relevant non-compliance). In the primary cases cited by Plaintiff, the courts that entered contempt orders did so in order to remedy violations that remained outstanding at the time the court ruled. *See, e.g., Glover v. Johnson*, 934 F.2d 703, 708 (6th Cir. 1991) (affirming order holding state prison officials in contempt for continued non-compliance with order requiring implementation of educational programs in prisons); *Belfor USA Group, Inc.*, 755 F.Supp.2d at 817-818 (granting relief on that portion of plaintiff's contempt motion that sought to remedy outstanding non-compliance with judgment); *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 590 (6th Cir. 1987) (affirming contempt order issued to compel subpoena recipient to provide testimony and information that it was refusing to provide).[1]

Next, Defendants correctly argue that Plaintiff has offered no reasonable basis for assessing $50 per day of violation as damages. There is no evidence that Plaintiff suffered any damages as a result of the inadvertent violation of the Agreed

---

[1] This Court does not mean to suggest that a contempt order is never appropriate where a violation of a court order has been cured. For purposes of resolving this motion, it is sufficient to hold, as the Court does, that Plaintiff is not entitled to a contempt order on the basis of the cured violation here.

Preliminary Injunction. For the same reason, there is no basis for an award of attorneys fees. *See Belfor USA Group, Inc.*, 755 F.Supp.2d at 818 (declining to award costs or attorneys fees or compensation for other losses where moving party failed to present evidence to establish or support alleged losses).

Finally, Plaintiff does not need an order from this Court to obtain confirmation from Defendants that they are not using the Diamond Design. (*See* Plaintiff's request for relief.)  Plaintiff may serve Defendants with interrogatories and/or requests to admit inquiring as to whether Defendants are using the Diamond Design.  Plaintiff may also inquire into this matter during a deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.  At this stage in the litigation, Plaintiff has access to substantial discovery tools that will allow Plaintiff to assess Defendants' compliance with the Agreed Preliminary Injunction. Plaintiff does not need a court order to test Defendants' compliance.

The Court shares Defendants' view of this motion: "Ultimately, Plaintiff did not need to spend the time and money to draft and file the present motion – this matter was resolved with a simple [letter] to Defendants' counsel." (ECF #39 at 2, Pg ID 373.)  Accordingly, for all of the reasons stated above, Plaintiff's motion to find Defendants in contempt is **DENIED**.

                                                 s/Matthew F. Leitman
                                                 MATTHEW F. LEITMAN
                                                 UNITED STATES DISTRICT JUDGE

Dated:  January 13, 2015

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 13, 2015, by electronic means and/or ordinary mail.

                                              s/Holly A. Monda
                                              Case Manager
                                              (313) 234-5113